MARY A. PERRY, as Administratrix of the Estate of THOMAS C. PERRY, Deceased, Respondent, v. MORSE CHAIN COMPANY, Appellant.— Appeal by defendant from an order of the Supreme Court, Special Term, Tompkins County, which granted, in part, plaintiff's motion for examination of defendant before trial and for discovery and inspection of certain documents and photographs and of certain premises. While in the employ of the contractor for the demolition of a roof, plaintiff's intestate fell through the roof and to his death. In

this action against the owner of the premises, the complaint alleges, among other things, the negligent construction and maintenance of the roof, specifically charging that the roof covering was brittle and fragile by reason of its composition and construction and because of its age and deterioration. Appellant contends that proof of negligent construction and maintenance is not "material and necessary" (Civ. Prac. Act, §§ 288, 289), urging that "the duty which the owner of a building may have to anticipate and provide against dangers which might arise in the progress of *construction* work does not apply in the case of work of *demolition*"; but it does not appear how far the work of demolition had progressed, if at all, nor whether the work itself was a contributing cause of the dangerous condition. The argument thus advanced is factual and its validity is dependent upon proof, or failure of proof, of other relevant circumstances; and to adopt it at this stage of the litigation would be to prejudge the basic issue of defendant's obligation, if obligation there was. That a duty might under proper circumstances exist seems clear. (Cf. *Circosta v. 29 Washington Sq. Corp.*, 2 N Y 2d 996.) Similarly, examination in support of the allegation of defendant's failure to provide safeguards, ordinarily the duty of the employer, cannot now be held irrelevant, absent proof, within the frame of the pleadings, of the surrounding circumstances. As respects this issue, as well as others, plaintiff's position is buttressed somewhat, insofar as this motion is concerned, by the allegation that her intestate was directed to work upon the defective roof by defendant as well as by the employer. Further, defendant itself resists production of the demolition contract which might, conceivably, aid in defining relationships and duties and, consequently, issues. The fact that the answer admits those allegations of the complaint which in very general terms describe the roof and the adjacent area and buildings does not foreclose examination as to the details of location, composition and construction nor inquiry as to any pertinent provisions of the concededly existent demolition contract; and *Shiek* v. *Cary* (2 A D 2d 637) and *Whitelock* v. *Bergquist* (238 App. Div. 564), relied upon by appellant, are in no way to the contrary. From our conclusions that the evidence as to which examination has been ordered is "material and necessary" (Civ. Prac. Act, §§ 288, 289) it necessarily follows that the court properly directed discovery and inspection in connection with the same subject matters, "relating", as they do, "to the merits of the action" (Civ. Prac. Act, § 324). Thus, the order properly authorizes plaintiff, under the supervision of a referee, to inspect the premises and the records, plans and other data relating to the construction and maintenance of the roof, to defendant's notice of defects and dangers and to the contractual relation between defendant and the decedent's employer; and further authorizes the inspection of photographs taken on the day of the accident of portions of the roof subsequently removed, there being no showing that the photographs are privileged (*De Vito* v. *New York Cent. R. R. Co.*, 146 N. Y. S. 2d 545, affd. 3 A D 2d 692). Order unanimously affirmed, with $10 costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.